IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN A. GARCIA ZUAZUA, *Plaintiff*, | § § § § | |
| VS. | § | CIVIL ACTION NO. 5:21-CV-544 |
| | § § | |
| C R ENGLAND, INC., AND JEAN HILAIRE NGUETCHUESSI *Defendants*. | § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **JUAN A. GARCIA ZUAZUA**, Plaintiff herein, complaining of **C R ENGLAND, INC.** and **JEAN HILAIRE NGUETCHUESSI**, Defendants herein, and would show the Court as follows:

**PARTIES**

1. Plaintiff **JUAN A. GARCIA ZUAZUA** is a resident of the Western District of Texas and resides at 2219 Malibu Blvd., Eagle Pass, Maverick County, Texas 78852.

2. Defendant, **C R ENGLAND, INC.**, is a corporation that is incorporated under the laws of the State of Utah. Defendant **C R ENGLAND, INC**. has its principal place of business in the State of Utah. Pursuant to 49 CFR 399, et seq. Defendant **C R ENGLAND, INC** as an interstate motor carrier has designated CT Corporation System, 1999 Bryan Street #900, Dallas, Texas 75201, as agent for service of process.

Defendant **C R ENGLAND, INC**, at all times material to this action, has engaged in business in Texas, as more particularly described below. Defendant does not maintain a place of

regular business in Texas, however, the cause of action asserted arose from or is connected with purposeful acted committed by the Defendant in Texas in that Defendant operates a cross-country commercial trucking company. Its fleet of trucks crisscross Texas roadways on a daily basis and pickup and deliver all manner of merchandise from Texas merchants, shippers, and distributors. As such, they have established a general presence in this state and this Defendant has engaged in continuous and systematic activities in Texas. This Defendant has purposely, by action or conduct, directed activities toward the forum state (Texas) and has and is doing business in this State. This Defendant, due to contracts with and sales to Texas residents, contacts with Texas, and marketing and sales in this State, anticipated or should have anticipated the use of Texas courts as a result of such contacts. Litigating in Texas is not unreasonably inconvenient for this Defendant.

3. Defendant, **JEAN HILAIRE NGUETCHUESSI** is an individual and citizen of the State of Arizona. This Defendant may be served with process in accordance with §17.062(a), of the Texas Civil Practice and Remedies Code by serving a copy of the summons and complaint by certified mail, return receipt requested, to the Chairman of the Texas Transportation Commission, Mr. J. Bruce Bugg, Jr., at the Texas Department of Transportation, 125 E. 11th Street, Austin, Texas 78701, who will in turn forward a copy of the summons and complaint by certified or registered mail, return receipt requested, to Defendant **JEAN HILAIRE NGUETCHUESSI's** place of abode at 100 W. Nopal PL Chandler, Arizona 85225.

## JURISDICTION

4. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), excluding interest and costs. Specifically, Plaintiff is a citizen of the State of Texas. Defendant C R ENGLAND, INC. is a corporation

incorporated under the laws of State of Utah with its principal place of business in the State of Utah. Defendant **JEAN HILAIRE NGUETCHUESSI** is a citizen of the State of Arizona.

## **VENUE**

5.  Venue is proper in this district because it is the district in which a substantial part of the events or omissions giving rise to the claims occurred. *See* 28 U.S.C. § 1391(b). This claim arises out of a motor vehicle collision occurring on February 16, 2020 in Eagle Pass, Maverick County, Texas.

## **FACTS**

6.  Plaintiff, **JUAN A. GARCIA ZUAZUA**, would show the Court that on or about February 16, 2020, in Eagle Pass, Maverick County, Texas, he was driving a 2008 Chevrolet Suburban and was stationary facing south on the left turn/straight lane of Del Rio Boulevard. Defendant **JEAN HILAIRE NGUETCHUESSI** was driving a 2020 Freightliner Tractor Trailer combination and was facing south on the left turning lane on Del Rio Boulevard. On said date, Defendant **JEAN HILAIRE NGUETCHUESSI** proceeded to make a wide left turn from the wrong lane onto North Veterans Boulevard and in the process invaded the Plaintiff's lane of travel as the Plaintiff was also turning left from the correct lane. As a result of the Defendant's negligence, he caused a violent collision with the Plaintiff's vehicle. Plaintiff **JUAN A. GARCIA ZUAZUA** suffered injuries to his head, neck, and back.

## **NEGLIGENCE OF DEFENDANT JEAN HILAIRE NGUETCHUESSI**

7.  The occurrence made the basis of this lawsuit and the Plaintiff's resulting injuries and damages were proximately caused by the negligence, and negligence per se, of Defendant, **JEAN HILAIRE NGUETCHUESSI,** in one or more of the following respects:

   a.  In failing to keep a proper lookout for other traffic as a reasonable and prudent person would have done under the same or similar circumstances;

    b.        In failing to safely operate the vehicle he was driving as a reasonable and prudent person would have done under the same or similar circumstances;

    c.        In failing to maintain proper control of his vehicle as a reasonable and prudent person would have done under the same or similar circumstances;

    d.        In failing to timely apply the brakes to the vehicle he was operating in order to avoid the collision in question;

    e.        In failing to take proper evasive action in order to avoid said collision;

    f.        In making a left turn from the wrong lane;

    g.        In driving the 2020 Freightliner Tractor Trailer in violation of an official traffic control device in violation of Texas Transportation Code §544.004; and

    h..       In failing to maintain his vehicle in a single lane of travel in violation of Texas Transportation Code §§ 545.060 and 545.101(b)(2).

8. Plaintiff would show that each of the foregoing acts and/or omissions was a separate and distinct act of negligence, and each was a direct and proximate cause of the injuries and damages suffered by the Plaintiff as described herein below.

## NEGLIGENT ENTRUSTMENT

9. Plaintiff would show that on the occasion in question, Defendant, C R ENGLAND, INC, owned the 2020 Freightliner Tractor Trailer driven by Defendant, JEAN HILAIRE NGUETCHUESSI, which tractor trailer was involved in the collision made the basis of this lawsuit. Defendant, C R ENGLAND, INC., was negligent in entrusting said vehicle to Defendant, JEAN HILAIRE NGUETCHUESSI, who was an unskilled, incompetent, and reckless driver. He was negligent in that he knew or through the exercise of ordinary care, should have known, that JEAN HILAIRE NGUETCHUESSI was not qualified to operate a commercial vehicle in the United States. Defendant, C R ENGLAND, INC. should have known that JEAN HILAIRE NGUETCHUESSI was only licensed to operate a motor vehicle in Mexico and that he did not

meet the standards to operate the tractor trailer in the United States. Such negligent acts on the part of Defendant C R ENGLAND, INC. were done with conscious indifference to the rights and safety of others and were a direct and proximate cause of the collision in question and producing cause of the damages suffered by the Plaintiff.

## RESPONDEAT SUPERIOR

10. Plaintiff alleges that at the time of the collision described above, Defendant JEAN HILAIRE NGUETCHUESSI was the agent, servant, and/or employee of Defendant C R ENGLAND, INC., and was acting within the course and scope of his employment as agent, servant and/or employee of Defendant C R ENGLAND, INC. Defendant JEAN HILAIRE NGUETCHUESSI was operating the 2020 Freightliner Tractor Trailer on the public streets and highways of the State of Texas in furtherance of Defendant C R ENGLAND, INC's business. Defendant JEAN HILAIRE NGUETCHUESSI was operating the 2020 Freightliner Tractor Trailer with the knowledge, and consent of Defendant C R ENGLAND, INC. Therefore, Defendant CR ENGLAND, INC is liable under the doctrine of Respondeat Superior.

## DAMAGES

11. Plaintiff **JUAN A. GARCIA ZUAZUA,** would show that as a direct and proximate cause of the aforesaid negligence of the above named Defendants, he sustained injuries to his head, neck, low back, upper back, trauma to his body as a whole, and he has suffered physical pain and mental anguish in the past and in all reasonable probability will continue to so suffer in the future; he has suffered physical impairment in the past and in all reasonable probability will continue to so suffer in the future; he has suffered disfigurement, he has suffered impairment to his earning capacity in the past and in all reasonable probability will continue to suffer a loss of wage earning capacity in the future. Plaintiff **JUAN A. GARCIA ZUAZUA** has incurred reasonable and

necessary medical expenses for the proper treatment of his injuries in the past and in all reasonable probability will continue to incur medical expenses in the future.

## JURY DEMAND

11. The Plaintiff demands a jury trial on all issues which may be tried to a jury.

## PRAYER

12. Premises considered, the Plaintiff asks that the Defendants be cited to appear and answer and that, upon final trial, the court enter judgment against the Defendants for Plaintiff's actual damages in the amount of One Million Dollars ($1,000,000.00), pre-judgement and post-judgement interest, for costs of court and for such other and further relief, both general and special, at law and in equity, to which the Plaintiffs may be justly entitled.

Respectfully submitted,

**KNICKERBOCKER, HEREDIA, SALINAS & SALINAS, P.C.**
468 Main Street
Eagle Pass, Texas 78852
Tel: 830/773-9228
Fax: 830/773-2582
borderlawyer@knicklaw.com

By: /s/ Marco A. Salinas
    **Marco A. Salinas**
    State Bar No. 00794583

ATTORNEYS FOR PLAINTIFF